**In re RAYMOND PROFESSIONAL GROUP, INC. Debtor.**

**Raymond Management Services, Incorporated n/k/a Raymond Professional Group–Design/Build, Inc., Plaintiff,**

v.

**William A. Pope Company, Defendant.**

**Bankruptcy No. 06 B 16748.**

**Adversary No. 07 A 00137.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Dec. 23, 2008.

---

Jason M. Torf, Esq., Eugene J. Geekie, Jr., Esq., David A. Howard, Esq. (Schiff Hardin LLP), Chicago, IL, for Debtors/Plaintiff.

Susan K. Gummow, Esq., John F. O'Brien, Esq. (Clausen Miller, P.C.), Street, Chicago, IL, for William A. Pope Company.

Harley J. Goldstein, Esq., Sven T. Nylen, Esq., Bell, Boyd & Lloyd LLP, Chicago, IL, Official Committee of Unsecured Creditors.

Gretchen Silver, Esq., Office of the U.S. Trustee, Chicago, IL, for Trustee.

## SUPPLEMENT TO MEMORANDUM OPINION ON DEFENDANT POPE'S MOTION FOR SUMMARY JUDGMENT

JACK B. SCHMETTERER,
Bankruptcy Judge.

In the Memorandum Opinion of November 19, 2008, Pope's Motion for Summary Judgment herein to confirm the Arbitration Award in issue (the "Award") was allowed. (Docket No. 56.) Pope's counsel was then ordered to present a proposed Final Judgment Order. The draft proposed by counsel did not provide an adjudication of issues decided by the Award, so an Order was drafted in chambers and entered. (Docket No. 59.) That Order was vacated by agreement after inquiry to the lawyers in open court. During that inquiry, counsel for Pope argued that the Final Judgment should adjudicate that the Arbitration Award gave Pope ownership rights in funds deposited into the current account referred to in the Award as "escrow account", an ownership issue now on trial in separate Adversary proceeding No. 07–A–00639.

While no such order was presented by Pope's lawyers, their oral argument should be dealt with in this Supplement before the Amended Final Judgment Order is entered.

The Final Judgment here must deal only with the issues tried and adjudicated by the Arbitrators. Those issues and the Arbitrators' rulings thereon in their Award were expressed in the first six pages of the Award, supplemented by notes and computations in the following twenty-one pages. The entire Award is appended as an exhibit hereto.

It is clear that the first ruling in the Award was that the arbitration demand of Raymond Management Services Incorporated asserting many claims concerning work performance and allocation of monies paid by the owner was entirely denied.

The second adjudication is the point now at issue. It resolved the Counterclaim of William A. Pope Company. That Counterclaim requested "an order directing RMS [Raymond Management Services, Incorporated] to comply with the terms of an Interim Settlement Agreement entered into between the parties dated September 26, 2001...." It also asserted dollar claims on several performance related grounds. The Arbitrators awarded and adjudicated

on that counterclaim a "Finding and Judgment" for William A. Pope Company as Counter–Claimant in the amount of $3,634,714, against Raymond Management Services Incorporated, the Counter–Respondent. Further claims by Pope were denied, and Motions for Sanctions not relevant here were also adjudicated.

On page 3 of the Award an asterisk after the amount of dollar judgment added the following comment:

" * see page 6–Source of Funds to be paid Pope with Notes 16 and 17.

On page 6 of the Award is found a chart summarizing the basis for the dollar award, ending with the entry "Total Due Pope $3,634,714." There followed a section entitled "Source of Funds to be paid Pope," which recited the following:

"Funds Available in Escrow
Account through 6/30/06          $3,672,550 Note 16

Additional Funds Due Pope*      $ 562,164³ Note 17

*Note: The additional funds due Pope are to be funded by the accumulated interest in the Escrow account as of the date of the satisfaction; any unsatisfied balance to be paid by Raymond to Pope."

*Note: The additional funds due Pope are to be funded by the accumulated interest in the Escrow account as of the date of the satisfaction; any unsatisfied balance to be paid by Raymond to Pope."

Notes 16 and 17 referred to are found on page 16 of the Award. Those notes read as follows:

"Note 16:

Per bank statement for the escrow account provided to the Panel by Raymond.

Note 17:

The total amount to be paid Pope is $3,634,714. The funds available in the Escrow Account Balance through 6/30/06 were $3,072,550. The additional funds due Pope are to be funded by the additional interest in the Escrow account as of the date of the satisfaction; any unsatisfied balance to be paid by Raymond to Pope."

The "Escrow Account" referred to in Note 17 is a bank account requiring the joint signature of officers of Pope and Raymond for withdrawal or use of any money deposited therein. The ownership of that account is being litigated in the separate Adversary proceeding No. 07–A–00639 now on trial. While Pope contends therein that the account is indeed an escrow account owned by it, Raymond contests that. Other issues over who owns the account are also in litigation.

Pope now argues that the Arbitration Award involved in this proceeding was a determination in effect that the account in issue belongs to it, and such should be reflected in the Final Judgment. Pope's argument is essentially that, because the Award ruled that Raymond should pay it whatever was deposited in the account, therefore Pope must own the account.

To the contrary, neither party to the Arbitration sought or received determination as to ownership of the account in issue. What Pope won was most of what it sought, an order enforcing a certain Interim Settlement Agreement entered into between the parties and determination of the amount due to it. While the Arbitrators referred to monies to be paid both from the disputed account and from Raymond's resources, the Arbitrators and their Award did not determine, and were not asked to determine, ownership rights in the account. They adjudicated a contractual obligation of Raymond to pay a defined amount, and a contractual obligation to

624

pay that debt partly out of the disputed account and partly from other sources.

The entire Award was twenty-seven pages long, and at no part can it be said that the issue of account ownership was either before the Panel or determined by it.

Following entry of the Award, Raymond filed its related Bankruptcy case. The Award being confirmed comprises a liquidated dollar claim against the bankruptcy estate and an entitlement to recovery thereof. But there remains in bankruptcy the issue whether the disputed account represents property of Pope that can satisfy part of Raymond's debt, or is property of the bankruptcy estate against which claims of all creditors can apply.

Accordingly, the Amended Final Judgment will not enter the adjudication of ownership now requested by Pope's lawyers.

Instead, the Judgment will entirely confirm all adjudications of the Award, and not go beyond what the Award determined.